UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVEON L. CATHEY, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:17-cv-01062-LSC-SGC |
| LEON BOLLING, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Daveon L. Cathey, a state prisoner proceeding *pro se*. (Doc. 1). Cathey challenges his 2013 conviction for murder in the Circuit Court of Shelby County, Alabama on the grounds his trial counsel rendered constitutionally deficient assistance by failing to (1) object to expert testimony regarding DNA evidence or (2) contest the reliability and relevance of that testimony. (*Id.* at 1, 5, 7). On October 31, 2018, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied because Cathey had failed to allege facts sufficient to show prejudice resulting from his trial counsel's performance, regardless of whether that performance was constitutionally deficient. (Doc. 10). After receiving an extension of time, Cathey filed objections to the report and recommendation. (Doc. 13).

To establish ineffective assistance of counsel, a petitioner must demonstrate his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). The question for a federal court considering a habeas petitioner's ineffective assistance claim "is not whether [the] federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted).

Cathey challenges the magistrate judge's conclusion he failed to allege facts sufficient to show prejudice on three grounds.[1] First, he cites the following excerpt from the prosecution's closing argument at trial:

> Finally the hat at the scene with his DNA in it. The car is parked right outside that house. BJ gets out. Bam, he's shot. Takes off exactly in the direction Jamarcus said he did and the hat comes off and it's sitting right there and his DNA is in it. Major component. One in 1.74 quadrillion. That is his DNA, ladies and gentlemen, inside that hat. He was the one wearing it. He wasn't just in Alabaster. He was standing there gunning down Jonathan Williams and there is no doubt about it.

---

[1] Cathey claims the magistrate judge determined he did allege facts sufficient to show constitutionally deficient performance by his trial counsel. (Doc. 13 at 5). This is incorrect. The magistrate judge essentially determined it was unnecessary to address the performance of Cathey's trial counsel because even if that performance was deficient, Cathey could not satisfy the prejudice prong of the *Strickland* inquiry. (Doc. 10 at 9) ("Whether in his Rule 32 petition or § 2254 petition Cathey alleged facts sufficient to show constitutionally deficient performance by his trial counsel, he failed to allege facts sufficient to show resulting prejudice.").

2

(Doc. 13 at 6 (quoting Doc. 7-5 at 57)). During its closing argument the prosecution also cited the testimony of Anthony Wooley, Bradley Gerhardt, Brandon Brown, and Timothy Wade as evidence Cathey shot the victim. (*Id.* at 53-56). Given the testimony of these other witnesses, Cathey has not shown that discrediting the testimony of the expert witness regarding DNA evidence would have resulted in a different outcome at trial.

Second, Cathey notes the trial court did not give a jury instruction regarding the credibility of and weight to be given expert testimony and appears to claim the court would have given such an instruction had his trial counsel objected to the expert testimony in question. (Doc. 13 at 6-7).[2] However, Cathey fails to show how a jury instruction regarding expert testimony would have changed the outcome of his trial – again, particularly in light of the testimony of Wooley, Gerhardt, Brown, and Wade. Moreover, the United States Court of Appeals for the Eleventh Circuit has held that jury instructions similar to those given by the court at the conclusion of Cathey's trial made it highly unlikely the jury believed it had to accept an expert witness' testimony as true and precluded the petitioner from

---

[2] To the extent Cathey argues the trial court's failure to give a jury instruction on expert testimony entitles him to federal habeas relief, Henry has not previously raised this claim, which is now procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a state prisoner must first present his claims to the state courts by invoking one complete round of the state's appellate review process; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) (holding that where a petitioner has failed to exhaust his state remedies and those remedies are no longer available to him, that failure is a procedural default precluding federal habeas relief, unless an exception applies). The same is true to the extent Cathey argues his trial counsel rendered ineffective assistance by failing to request a jury instruction on expert testimony.

satisfying *Strickland's* prejudice prong with respect to the claim his counsel should have requested a jury instruction regarding expert testimony. *See Hernandez v. Florida Dep't of Corr.*, 470 F. App'x 721, 724-25 (11th Cir. 2012), *cert. denied*, 568 U.S. 945 (2012).[3]

---

[3] In *Hernandez*, the court instructed the jury that it was up to them to decide what evidence was reliable or unreliable, described several factors to be considered in evaluating witness testimony, and told them they could believe or disbelieve all or any part of the testimony of any witness. 470 F. App'x at 724. At the conclusion of Cathey's trial, the court instructed the jury in relevant part as follows:

> Ladies and gentlemen, in arriving at the true facts you are directed to take into account all of the testimony of all the witnesses. It is your duty to attempt to reconcile all the testimony so that all the witnesses speak the truth if you can do so reasonably. If you cannot reasonably reconcile all the testimony then the law is that you come into the jury box with the common knowledge and understanding that men and women gain in their every day affairs and in all their experience that you have acquired in your dealings with people, through business, through your social lives or in any other way. You should take this knowledge with you to use and determine what the tru[e] facts are and the weight you are to give each part of the testimony.
>
> . . . . You may consider any interest a witness might have in the outcome of a case before the Court. You may consider or take into consideration whether a witness has been shown to be biased or have prejudice or hate or ill will toward any party in the case or whether a witness has been shown to have testified falsely or lied. You may take that into account to value or weigh the testimony of that witness.
>
> . . . . In other words, determining for yourself whether that witness is truthful or should be believed. You may also consider whether a witness has been contradicted and such contradiction if any there was would be considered by you in determining the weight to give the testimony of that witness.
>
> Now, mere contradiction alone would not authorize you to disregard the testimony completely. But should you find that a witness has willfully and intentionally testified falsely to a material fact then as to that witness you may disregard his or her entire testimony if you see fit. You do not have to do so but you may in your discretion do so. Now, once again the weight that you give these things is in your discretion.

4

Third, Cathey cites the testimony of the expert witness regarding the frequency with which the DNA profile obtained from Cathey and the blue hat found at the scene of the crime occur in the population, in conjunction with the Alabama Supreme Court's decision in *Ex Parte Perry*, 586 So. 2d 242 (Ala. 1991). (Doc. 13 at 9-11). In that case, the court noted that DNA population frequency evidence "creates a potentially exaggerated impact on the trier of fact" by "encourag[ing] the trier of fact in its determination of whether the State has proven guilt beyond a reasonable doubt to focus solely upon a numerical conclusion and to disregard the weight of other evidence." *Ex parte Perry*, 586 So. 2d at 254 (internal quotation marks omitted). Here, as discussed, other evidence – namely, the testimony of Wooley, Gerhardt, Brown, and Wade – also connected Cathey to the crime. As a result, Cathey has not shown a reasonable probability the result of his trial would have been different had his trial counsel discredited the expert testimony regarding DNA evidence.

In addition to challenging the magistrate judge's conclusion that he failed to allege facts sufficient to show prejudice, Cathey contends the magistrate judge overlooked his claim that his trial counsel failed to contest the reliability and relevance of expert testimony regarding DNA. (Doc. 13 at 8). The magistrate judge did not overlook this ineffective assistance claim. She addressed the claim

---

(Doc. 7-5 at 88-90).

on the prejudice prong of the *Strickland* inquiry and, consequently, found it unnecessary to address the performance prong (i.e., whether the failure of Cathey's trial counsel to contest the reliability and relevance of the testimony in question rose to the level of constitutionally deficient performance). *See Ray v. Alabama Dep't of Corr.*, 809 F.3d 12012, 1208 (11th Cir. 2016) ("If a petitioner's claim may be resolved on the prejudice prong alone, then our precedents instruct that we do so."), *cert. denied*, 137 S.Ct. 417 (2016).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Cathey's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and her recommendation is **ACCEPTED**. Cathey's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a*), Rules Governing § 2254 Proceedings*.

A separate Final Order will be entered.

**DONE** and **ORDERED** on January 11, 2019.

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　L. Scott Coogler
　　　　　　　　　　　　　United States District Judge

160704